UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No.:  5:18CR50076-004 |
| | ) | |
| JOSE LUIS ANMGUIANO | ) | |

### SENTENCING MEMORANDUM

Defendant Jose Luis Anguiano ("Anguiano") by and through counsel, respectfully submits this Sentencing Memorandum in support of his request that this Court impose a sentence of imprisonment below his recommended Guidelines range of 87-108 months.

### Prior Proceedings

The PSIR accurately reflects the relevant procedural history and offense conduct.

### Framework for Sentencing

A "district court should begin [a sentencing proceeding] with a correct calculation of the [defendant's] advisory Sentencing Guidelines range." *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008).  A defendant's sentencing range "is arrived at after determining the appropriate Guidelines range and evaluating whether any traditional Guidelines departures are warranted." *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008).

"[A]fter giving both parties a chance to argue for the sentence they deem appropriate, the court should consider all of the factors listed in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by either party." *Braggs*, 511 F.3d at 812.  "The district court may not assume that the Guidelines range is reasonable, but instead 'must make an

individualized assessment based on the facts presented.'" *Id*. (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)); *see also Nelson v. United States*, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable.").

The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see also United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable."). "If the court determines that a sentence outside of the Guidelines is called for, it 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Braggs*, 511 F.3d at 812 (quoting *Gall*, 128 S. Ct. at 597). "The sentence chosen should be adequately explained so as 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Braggs*, 511 F.3d at 812 (quoting *Gall*, 128 S. Ct. at 597).

The court makes findings of fact under a preponderance of the evidence standard. *See e.g.*, *United States v. Bah*, 439 F.3d 423, 426 n.1 (8th Cir. 2006) ("[J]udicial fact-finding using a preponderance of the evidence standard is permitted provided that the [Sentencing Guidelines] are applied in an advisory manner."). Sentencing courts may consider a wide variety of evidence, including the undisputed portions of the PSIR, as well as the testimony and other evidence the parties introduce at the sentencing hearing. The district court does not "put on blinders" and only consider the evidence directly underlying a defendant's offenses of conviction. For example, it may consider other relevant conduct in calculating the applicable Guidelines range. *See* U.S.S.G. § 1B1.3. The sentencing judge is afforded great discretion in

determining the credibility of witnesses and making findings of fact. *United States v. Bridges*, 569 F.3d 374, 378 (8th Cir. 2009).

## Factual Background

The PSIR adequately sets forth the basic facts of this matter. Anguiano respectfully avers that information provided subsequently herein, regarding his history and characteristics, also contributes to the factual background upon which he stands before this Court.

## Departure from Guidelines

### Acceptance of Responsibility

The United States Sentencing Guidelines recommend a two-level decrease in a defendant's offense level for acceptance of responsibility, when the defendant "clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). A defendant qualifies for an additional one-level decrease when, upon motion by the Government, the defendant enters a timely guilty plea. U.S.S.G. § 3E1.1(b). Further, Application Note 3 of this section states in pertinent part: "Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility . . . ." U.S.S.G. § 3E1.1, Application Note 3. Anguiano submits the following information to this Court to substantiate his request for a departure based on acceptance of responsibility and, in the event that the Government moves for a further downward departure for his timely guilty plea, requests that he be granted the same.

Anguiano cooperated with the Government via proffer after said interview. These behaviors, alongside Anguiano timely guilty plea, warrant a departure from the Guidelines for acceptance of responsibility. Anguiano's proffer puts him in the likely scenario that the Government will move for a downward departure pursuant to §5K1.1. ***No promises have been made by the Government in any way, shape or form***. Anguiano respectfully states that he will be most grateful for **any** relief the Government and the Court shall grant him. Anguiano's counsel reasonably (and respectfully) estimates the quality of Anguiano's information to be worth 1 or 2 points. Should the Government move, and the Court grant him a one-point departure, his sentencing guidelines will be **78-97 months.** Should the Court award him a two-point reduction, his guideline range will be **70-87 months.**
Anguiano prays this Court will grant him said relief, as well as a downward departure for the reasons set forth below.

### Variance from Guidelines

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that its decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), apply to the Sentencing Guidelines. The Court found that for Sixth Amendment purposes there was "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines . . . ." 125 S. Ct. at 751. Reaffirming its holding in *Apprendi*, the Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the fact established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*.

Provisions of The Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or that rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), are incompatible with the Sixth Amendment. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757.

Pursuant to *Booker*, a sentencing court must correctly calculate and consider the applicable Guidelines range, but it has the freedom to tailor the sentence in light of other statutory factors. *See* 18 U.S.C. § 3553(a); *see also Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the Guidelines as merely one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The factors of § 3553(a) that Anguiano prays this Court consider are:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed, which includes:

   (a) Protecting the public from further crimes of the defendant, and

   (b) Providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available; and

(4) The need to provide restitution to any victims of the offense.

Anguiano would urge this Court to find that a variance under 18 U.S.C. § 3553 is warranted, as § 3553(a) instructs this Court to impose a sentence "sufficient, but not greater than necessary," considering the factors set forth below.

**Nature and Circumstances of the Offense and History and Characteristics of the Defendant.**

Anguiano is a 41-year-old man who was born in Mexico. He has seven siblings and four children. In 1993, he migrated to the United States in order to seek a better life for himself and his family. He maintained permanent resident states until 2011, when he was convicted of felony drug charges in California. He was incarcerated from October 17, 2011, and turned over to ICE on September 11, 2012 at which point he was released due to a deportation appeal. During this time, he evaded law enforcement. He was ultimately deported on April 4, 2018.

Anguiano illegally entered the United States and was apprehended on August 8, 2018. He stated in custody and was sentenced to 12 months and 1 day in Federal Prison. Upon his release, *Anguiano was arrested for the instant offense*. The events of which took place in November and December of 2017. As a result, Anguiano has been in the custody of the United States since August 8, 2018.

**Need for the Sentence Imposed**

This Court must make a finding that Anguiano's conduct is serious in order to deter future drug crimes. However, in *Gall v. United* States, 522 U.S. 38 (2007), the Supreme Court warned that imposition of an unnecessary sentence "may work to promote not respect, but derision, of the law if the law is viewed as merely the means to dispense harsh punishment without taking into account the real conduct and circumstance involved in sentencing." *Id*. at 54. Anguiano has already served a year in custody for his disregard of the law. Though this is a new offense, Anguiano prays this Court will take this into consideration when deciding an appropriate sentence.

**Kinds of Sentences Available**

In this case, incarceration is inevitable. The variance available relates to the length of time Anguiano is sentenced to imprisonment. This Court is permitted through variance to sentence Anguiano to a term of years below his applicable Guidelines range.

**Need to provide restitution to any victims**

Other than society itself, there are no victims in this case.

## Conclusion

Jose Luis Anguiano prays that this Court will accept any and all relief the Government requests pursuant to §5K1.1 to lower his sentencing guideline range. After his new guideline range is calculated, Anguiano prays this Court will take into consideration that Anguiano has been in federal custody since August of 2018 and possibly give him credit for this time that he served. In doing so, Anguiano prays that this Court grant him a downward variance to a sentence below his suggested Guidelines range.

                                                Respectfully submitted,
                                                JOSE LUIS ANGUIANO Defendant

By:     /s/ Tyler H. Benson
          Tyler H. Benson #2011164
          Catterlin Law Firm
          5502 W Walsh, #101
          Rogers, AR 72758
          (479) 571-0110
          tbenson@catterlinlaw.com

**CERTIFICATE OF SERVICE**

  I, Tyler H. Benson, state that on this _____ day of September, 2019, I electronically filed a copy of the foregoing document and served the same via electronic mail on the following:

Brandon Carter
Assistant U.S. Attorney
414 Parker Avenue
Fort Smith, AR 72901
Brandon.T.Carter@usdoj.gov

Rachel R. Roisen-Avant
U.S. Probation Officer
Fayetteville, AR
Rachel_Roisen@arwp.uscourts.gov

                  /s/ Tyler H. Benson
                  Tyler H. Benson